IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Troy Burks, | ) | C/A No.: 1:20-3153-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Corrections and Administrative Law Court, | ) ) ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

Troy Burks ("Plaintiff"), proceeding pro se and in forma pauperis, filed a document entitled "Notice of Appeal" that has been construed as a complaint in this court. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff states he is appealing the final decision of the South Carolina Administrative Law Court's decision dismissing his request for review of a disciplinary decision. [ECF No. 1; 1-1 at 9–10]. Plaintiff alleges he was unlawfully accused and convicted of possession of an illegal drug that he never

possessed. *Id.* He claims that in so convicting him, Defendants have violated his constitutional rights. *Id.*

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   No Appeal from State Court Decision

This court does not have jurisdiction to hear appeals from the South Carolina Administrative Law Court. The South Carolina Rules of Appellate Procedure govern how to appeal a final order of an Administrative Law Judge. *See* S.C. Code Ann. § 1-23-610.

2.   Court Lacks Jurisdiction Because No Loss in Good Time

Pursuant to 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Although Plaintiff challenges the actions in his prison disciplinary proceedings as violating his constitutional rights, he has not alleged those actions resulted in or prolonged his period of incarceration. A review of Plaintiff's disciplinary actions on SCDC's website[1] reveals he received no reduction in good time credit as a result of the incident in question. *See* South Carolina Department of Corrections, Inmate Search, https://public.doc.state.sc.us/scdc-public/ (last visited September 3, 2020). It specifies Plaintiff received loss of canteen, telephone, and visitation privileges for 90 days for the offense of drug possession. *See id.* Plaintiff also attached to his original complaint an Order of Dismissal from the Administrative Law Court, which states "[t]he SCDC decision indicates that Appellant was not sanctioned any accrued good time." [ECF No. 1-1 at 9].

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

4

"Petitioner is not entitled to habeas relief from this Court under the facts presented because he did not lose any good time credits as a result of the disciplinary action imposed, and the conviction at issue has also not necessarily effected the duration of his sentence." *Smalls v. Warden*, C/A No. 9:16-639-JMC-BM, 2016 WL 11200993, at *3 (D.S.C. Sept. 28, 2016), *Report and Recommendation adopted by* 2017 WL 892576 (D.S.C. Mar. 7, 2017); *see also Slappy v. Bazzle*, C/A No. 0:05-14-DCN, 2005 WL 6139235, at *2 (D.S.C. Nov. 21, 2005) (providing "even assuming Petitioner could set aside the alleged discriminatory disciplinary action complained about, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of the disciplinary action imposed") (citing *Dixon v. Hastings*, C/A No. 04-40346, 117 Fed. App'x 371, 372 (5th Cir. 2005) (indicating where alleged acts of retaliation have not extended the duration of a petitioner's sentence, he is not entitled to habeas relief); *Cannon v. Dretke*, C/A No. 02-1864, 2005 WL 562678 (N.D. Tex. Mar. 9, 2005) ("Because Petitioner has alleged no loss of good-time credits or denial of eligibility for release on mandatory supervision, he has stated no due process violation cognizable under 28 U.S.C. § 2254."), *Report and Recommendation adopted by* 2005 WL 724473 (N.D. Tex. Mar. 30, 2005)).

Because it appears the challenged disciplinary action had no effect on the duration of Plaintiff's sentence, this court lacks subject matter jurisdiction under 28 U.S.C. § 2254.

### 3. Insufficient Allegations Under 42 U.S.C. § 1983

A review of Plaintiff's complaint shows no valid constitutional claim under 42 U.S.C. § 1983. Plaintiff lost telephone privileges for 30 days as a result of the disciplinary action. A loss of telephone, canteen, and visitation privileges for 90 days does not rise to the level of a constitutional violation. *See U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a telephone in prison); *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 461 (1989) (finding no right to visitation guaranteed by the Due Process Clause); *Goodwin v. Schwartz*, C/A No. 8: 10-1760-CMC, 2010 WL 3489092, at * 2 (D.S.C. Aug. 11, 2010) ("Canteen access is not a protected liberty interest."), adopted by 2010 WL 3489097 (D.S.C. Sept. 1, 2010).

Additionally, Plaintiff has failed to file a proper complaint pursuant to § 1983 because he has failed to name persons as defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff names the

South Carolina Department of Corrections and the Administrative Law Court, neither of which are "persons" subject to suit under § 1983. Neither a state agency nor a judicial circuit is considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, because Defendants are not persons pursuant to § 1983, his complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 17, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to

28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

September 3, 2020                           Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge